IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARVIN L. BROWN | § | |
| | § | |
| v. | § | A-10-CA-811 LY |
| | § | |
| BRAD LIVINGSTON, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Motion for a Preliminary Injunction (Clerk's Doc. No. 3); Defendants' First Amended Response to Plaintiff's Motion (Clerk's Doc. No. 32); and Plaintiff's Objection[1] and Opposition to Defendants' First Amended Response (Clerk's Docket No. 33). The Court conducted a hearing on Brown's Motion for Preliminary Injunction on January 7, 2011. The undersigned Magistrate Judge now submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

In March 1985, *Pro Se* Plaintiff Marvin Brown was convicted of sexual assault of a child and indecency with a child in the 265th Judicial District Court of Dallas County, Texas. *See* Cause Nos. F85-95991-HR and F84-87583-VR. After the jury enhanced his sentence based on a prior conviction

---

[1] The Court HEREBY OVERRULES Plaintiff's "objection" to Defendants' First Amended Response.

for lascivious acts with persons under the age of sixteen, Brown was sentenced to a forty-year term of imprisonment and a twenty-year term of imprisonment, for his convictions.

On October 22, 1999, Brown was released from the Texas Department of Criminal Justice ("TDCJ") and placed on mandatory supervision. As part of his term for mandatory supervision, Brown was placed on the Super Intensive Supervision Program ("SISP") and electronic monitoring. In November 2007, Brown was released from SISP and electronic monitoring. Brown remains on mandatory supervision and has several Special Conditions to his supervision, such as having to register as a sex offender, participating in the sex offender program, and submitting to drug and alcohol testing. *See* Exhibit 2 to Plaintiff's Motion.

In October 2010, Brown was notified by his parole officer that the Board of Pardons and Paroles could alter his supervision to place him back on electronic monitoring and SISP. On October 26, 2010, Brown filed the above-styled lawsuit under 42 U.S.C. § 1983[2] against Brad Livingston, Executive Director of the Texas Department of Criminal Justice ("TDCJ"), Stuart Jenkins, Director of the Parole Division of TDCJ, several officials with the Texas Board of Pardons and Paroles and Rick Perry, the Governor of Texas. Brown alleges that the Defendants' decision to alter his conditions of parole by placing him on SISP and electronic monitoring without holding a hearing violates his right to due process under the Fourteenth Amendment. Brown's Complaint also alleges claims under the Eighth Amendment (cruel and unusual punishment) and the Fourteenth Amendment (stigmatization without due process).

---

[2]Brown has filed a previous §1983 action against the Board of Pardon and Paroles, and a federal habeas action in the Northern District of Texas. *See Brown v. Cockrell*, No. 3-02-CV-2433-N (dismissing case after settlement); *Brown v. Texas Board of Pardons and Paroles*, No. 3-06-CV-0104 L (denying challenge to conditions of parole on the merits).

On the same day Brown filed his civil rights lawsuit, he filed the instant Motion for a Preliminary Injunction asking the Court "to enter a preliminary injunction preventing the Defendants (*i.e.*, the State) from reversing his parole conditions to more serious restrictions and confinement, including placing him back on Super Intensive Supervision (SISP) and an electronic monitor, without cause or due process." Motion at 1-2. Brown alleges that the Texas Board of Pardons and Paroles created a "liberty interest" when it removed him from SISP and that placing him back on SISP without due process would violate his Fourteenth Amendment rights. In addition, Brown argues that placing him back on SISP would require his life alert and health monitor systems to be disconnected which could cause him to suffer serious medical problems and even death and thus would amount to deliberate indifference to his medical needs and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments.

Although Brown's Motion for Preliminary Injunction implies that he has already been placed back on electronic monitoring and SISP, the evidence and testimony received at the hearing in this case show otherwise. First, the evidence shows that the Texas Board of Pardons and Parole ("Board") has not adopted a new policy to re-institute SISP or electronic monitoring on all sex offenders currently on parole or mandatory supervision. Rather, in the Fall of 2010, the Board issued "Special Condition O.58" which requires the global positioning system ("GPS") monitoring of high-risk sex offenders on parole in Texas. This Special Condition was based on the Governor's September 2010 Initiative to help TDCJ actively monitor all high-risk sex offenders on parole with tracking technology. *See* Testimony of Stuart Jenkins. Although Special Condition O.58 has been created, the Parole Division of the TDCJ has yet to adopt final written polices with regard to the application of the condition to current parolees. Mr. Jenkins testified that approximately 850

parolees could potentially fall into the category of high-risk sex offenders who would have to comply with Special Condition O.58. However, he further explained that Special Condition O.58 has only been applied to those parolees (approximately 250) who were already being subjected to GPS monitoring. The Board has not yet decided on whether to apply Special Condition O.58 on the remaining high risk parolees who are not currently being monitored, such as the Plaintiff. The high risk parolees have, however, been identified, and Brown is among those to whom the condition might be applied in the future. Mr. Jenkins noted that there have been parolees to whom the condition was not applied after the Board reviewed the case. Mr. Jenkins testified that no decision had been made regarding whether to apply Special Condition O.58 to Brown nor did he know when any such decision might take place.

## II. ANALYSIS

The purpose of a preliminary injunction is to preserve the relative positions of the parties until a trial on the merits can be held. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" which is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). A party seeking a preliminary injunction must demonstrate the following factors: (1) a substantial threat of irreparable injury if the injunction is not granted; (2) a substantial likelihood of prevailing on the merits; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 608 F.3d 217, 219 (5th Cir. 2010).

In order to satisfy the first element, the plaintiff must demonstrate that the anticipated injury is *imminent* and *irreparable*. *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir.), *cert. denied*, 423 U.S.

930 (1975). The mere possibility of irreparable injury is insufficient; rather, the irreparable injury must be *likely. Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008).

> There must be a likelihood that irreparable harm will occur. Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant. Thus, a preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. A *presently existing* actual threat must be shown."

9 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2948.1 at 153-56 (emphasis added).

Brown cannot demonstrate the first element because he cannot show that the threatened harm—the imposition of Special Condition O.58—is actual and imminent. As noted above, Special Condition O.58 has not been imposed on Brown and there is no indication in the record that its imposition on him is imminent. While the evidence did show that Brown is within the class of parolees upon whom the Board might impose the condition, the testimony demonstrated that the Board had made no decision regarding whether to impose the condition on Brown, and also that there have already been high risk parolees on whom the Board declined to impose the condition. Thus, it cannot be said that the risk of harm is imminent, and it is possible that the Board will decide not to impose the condition on Brown whenever it does review his case.

Further, the evidence was rather clearly lacking in proof that any irreparable injury was likely even if condition O.58 is applied to Brown. As Brown himself admitted, he will be harmed in this case by Special Condition O.58 only if each of a long chain of hypothetical actions takes place: *If* the Board applies Special Condition O.58 on Brown, and *if* he suffers medical problems requiring immediate medical attention, and *if* he goes to the hospital or doctor in a restricted area, and *if* he is unable to reach his parole officer, and *if* a warrant is issued for his arrest, and *if* he is actually

5

arrested and taken into custody, and *if* the jail officials fail to give him his medicine, he will then suffer actual medical injuries. These hypothetical contingencies are too speculative to satisfy the irreparable injury requirement. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all") (internal quotations omitted)); *Cooper v. Owens*, 2008 WL 5210705 at * 1 (5th Cir. Dec. 15, 2008) (affirming denial of claim for prospective relief where prisoner failed to show that release on parole or supervised release was actual or imminent). As the Supreme Court has explained, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S.Ct. at 375-6. If condition O.58 is ever imposed on Brown, he will have an ample opportunity to make a request for an injunction before the hypothetical scenario he is concerned about can play out.

Because Brown cannot demonstrate that he will suffer an imminent and irreparable injury in this case, he is not entitled to the issuance of a preliminary injunction. Accordingly, the Court will recommend that the District Court DENY the Motion for Preliminary Injunction in this case.

### III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge DENY Plaintiff's Motion for a Preliminary Injunction (Clerk's Doc. No. 3).[3]

---

[3] The Court notes that Brown's entire lawsuit, not just the Motion for Preliminary Injunction, appears not to be ripe for judicial review. *See Monk v. Huston,* 340 F.3d 279, 283 (5th Cir. 2003) (finding that case was unripe for judicial review where only issues which remained were abstract and hypothetical). However, the only matter referred to the undersigned is the Motion for Preliminary Injunction, and thus the Court leaves that issue to the District Judge.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).  To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of January, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE