IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARVIN L. BROWN | § | |
| | § | |
| v. | § | A-10-CA-811 LY |
| | § | |
| BRAD LIVINGSTON, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Motion for Leave to File an Amended Complaint, filed on September 5, 2011 (Clerk's Docket No. 51); Defendants' Motion for Judgment on the Pleadings (Clerk's Doc. No. 52); and the parties' responsive briefs. The undersigned Magistrate Judge now submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

In March 1985, *Pro Se* Plaintiff Marvin Brown was convicted of sexual assault of a child and indecency with a child in the 265th Judicial District Court of Dallas County, Texas. *See* Cause Nos. F85-95991-HR and F84-87583-VR. After the jury enhanced his sentence based on a prior conviction for lascivious acts with persons under the age of sixteen, Brown was sentenced to a forty-year term of imprisonment and a twenty-year term of imprisonment, for his convictions.

On October 22, 1999, Brown was released from the Texas Department of Criminal Justice ("TDCJ") and placed on mandatory supervision. As part of his term for mandatory supervision,

Brown was placed on the Super Intensive Supervision Program ("SISP") and electronic monitoring. In November 2007, Brown was released from SISP and electronic monitoring. Brown remains on mandatory supervision and has several special conditions to his supervision, such as having to register as a sex offender, participating in the sex offender program, and submitting to drug and alcohol testing. *See* Exhibit 2 to Plaintiff's Motion.

In October 2010, Brown was notified by his parole officer that the Board of Pardons and Paroles *could* alter his supervision to place him back on electronic monitoring and SISP. On October 26, 2010, Brown filed the above-styled lawsuit under 42 U.S.C. § 1983[1] against Brad Livingston, Executive Director of the Texas Department of Criminal Justice ("TDCJ"), Stuart Jenkins, Director of the Parole Division of TDCJ, several officials with the Texas Board of Pardons and Paroles and Rick Perry, the Governor of Texas. Brown alleges that a decision to alter his conditions of parole by placing him on SISP and electronic monitoring without holding a hearing would violate his right to due process under the Fourteenth Amendment. Brown's Complaint also alleges claims under the Eighth Amendment (cruel and unusual punishment) and the Fourteenth Amendment (stigmatization without due process).

On October 26, 2010, Brown filed a Motion for a Preliminary Injunction asking the Court "to enter a preliminary injunction preventing the Defendants (*i.e.*, the State) from reversing his parole conditions to more serious restrictions and confinement, including placing him back on Super Intensive Supervision (SISP) and an electronic monitor, without cause or due process." Motion at

---

[1] Brown has filed a previous §1983 action against the Board of Pardon and Paroles, and a federal habeas action in the Northern District of Texas. *See Brown v. Cockrell*, No. 3-02-CV-2433-N (dismissing case after settlement); *Brown v. Texas Board of Pardons and Paroles*, No. 3-06-CV-0104 L (denying challenge to conditions of parole on the merits).

2

1-2. After a hearing, this Court issued a Report and Recommendation recommending that the Motion be denied because Brown did not demonstrate that he would suffer an imminent and irreparable injury in this case. *See* Clerk's Docket No. 42. The evidence presented at the hearing revealed that the Texas Board of Pardons and Parole ("Board") had not officially adopted a new policy to re-institute SISP or electronic monitoring on all sex offenders on parole or mandatory supervision. Rather, in the Fall of 2010, the Board issued "Special Condition O.58" which requires the global positioning system ("GPS") monitoring of high-risk sex offenders on parole in Texas. This Special Condition was based on the Governor's September 2010 Initiative to help TDCJ actively monitor all high-risk sex offenders on parole with tracking technology. *See* Testimony of Stuart Jenkins. Although Special Condition O.58 has been created, the Parole Division of the TDCJ had yet to adopt final written polices with regard to the application of the condition to parolees. The Board has not yet decided on whether to apply Special Condition O.58 on the remaining high risk parolees who are not currently being monitored, such as the Plaintiff. The evidence further showed that no decision has been made regarding whether to apply Special Condition O.58 to Brown. Because Brown could not demonstrate that the imposition of Special Condition O.58 was actual and imminent, the Court recommended that the Motion for Preliminary Injunction should be denied. The District Court adopted the Report and Recommendation on August 24, 2011. See Clerk's Docket No. 50.

Defendants have now filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), contending that Plaintiff lacks standing to pursue this lawsuit. (Clerk's Docket No. 52). Plaintiff has also filed a Motion for Leave to file an Amended Complaint. (Clerk's Docket No. 51).

## II. ANALYSIS

A.  **Defendants' Motion for Judgment on the Pleadings**

As noted above, Defendants argue that Plaintiff lacks standing to sustain this lawsuit because he has not suffered an injury in fact and that "his claim of injury is of a future injury that is conjectural and hypothetical." Defendants' Motion at p. 3. The Court agrees.

Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In order for a plaintiff to have sufficient standing under Article III, that plaintiff must establish the following three elements: (1) "the plaintiff must have suffered an 'injury in fact'– an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent not conjectural or hypothetical;" (2) "there must be a causal connection between the injury and the conduct complained of;" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560-61(quotations omitted). The party invoking federal jurisdiction bears the burden of proof in establishing all three elements. *Id*. at 561. "Failure to establish any one [of them] deprives the federal courts of jurisdiction to hear the suit." *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002).

As verified by the Section Director of the Review and Release Processing Section of the Parole Division of the Texas Department of Criminal Justice, no special conditions have been imposed on Plaintiff in this case. See Affidavit of Christina Propes, Exh. A to Defendants' Motion. In addition, he has not been placed on any list requesting imposition of electronic monitoring or SISP. See *Id.* Thus, Plaintiff has not shown that imposition of these parole conditions is actual or

imminent in this case. As this Court stated in its previous Report and Recommendation, the alleged potential harm to Brown is merely speculative and hypothetical:

> *If* the Board applies Special Condition O.58 on Brown, and *if* he suffers medical problems requiring immediate medical attention, and *if* he goes to the hospital or doctor in a restricted area, and *if* he is unable to reach his parole officer, and *if* a warrant is issued for his arrest, and *if* he is actually arrested and taken into custody, and *if* the jail officials fail to give him his medicine, he will then suffer actual medical injuries.

Report & Recommendation at p. 5-6. The Court finds that these hypothetical contingencies are too speculative to satisfy the "injury-in-fact" requirement for standing. "Speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Farr v. Rodriguez,* 2007 WL 4260940 at * 2 (5th Cir. Dec. 5, 2007) (finding claims of potential future injury too speculative to establish cognizable liberty interest).[2] In addition to not showing a concrete injury as required for standing, Brown has also not shown that his claims are ripe for review. *See Cooper*, 2008 WL 5210705 at * 1 (noting that case was not ripe for judicial review where SISP conditions had not actually been imposed on prisoner); *Monk v. Huston,* 340 F.3d 279, 282 (5th Cir. 2003) (holding that case was not ripe for judicial where the state permitting process had not run its course and thus "[t]he application may or may not be granted, and thus plaintiffs may or may not be harmed").

---

[2]See also, *Cooper v. Owns,* 2008 WL 5210705 at * 1 (5th Cir. Dec. 15, 2008) (dismissing claims challenging parole board procedures for lack of standing where prisoner had not shown that his release on parole or supervised release was actual or imminent and that any argument that he would be released and that SISP conditions would be imposed on him without due process was speculative); *Spaulding III v. Owens*, 2010 WL 1727970 at * 3 (W.D. Tex. April 27, 2010) (dismissing claims that SISP and electronic monitoring would violated his constitutional rights if he was released in the future because he failed to show that his release was actual or imminent and any such impositions was speculative).

5

Based upon the foregoing, the Court finds that Brown lacks standing to bring this lawsuit and that Defendants' Motion for Judgment on the Pleadings should be granted.

**B.      Plaintiff's Motion for Leave to File Amended Complaint**

Brown seeks leave under Federal Rule of Civil Procedure 15 to file an amended complaint in this case. Brown's proposed amended complaint is substantially similar to his previous complaint with the limited exception that he is now seeking a declaratory judgment and reimbursement of costs. However, the proposed amended complaint's claims are still speculative and hypothetical. Therefore, Brown still lacks standing to pursue these claims. Accordingly, the Court recommends that the District Court DENY Brown's Motion for Leave to File an Amended Complaint based on futility. A court does not abuse its discretion in denying leave to amend when, as here, amendment would be futile. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003), *cert. denied*, 540 U.S. 1108 (2004).

### III. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Defendants' Motion for Judgment on the Pleadings (Clerk's Docket No. 52) and dismiss this case *without prejudice*. IT IS **FURTHER RECOMMENDED** that Plaintiff's Motion for Leave to File an Amended Complaint be **DENIED** based on futility.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of November, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE